IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHARLES LEE BOOTHE | § | |
| v. | § | CIVIL ACTION NO. 6:13cv524 |
| SHERIFF J. CAMPBELL | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Charles Boothe, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the legality of his confinement in the Cherokee County Jail.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Boothe states that he tested positive for tuberculosis in the early 1980's while confined in the State of Arizona. He received treatment and the disease was apparently deemed not to be active at that time.

On January 12, 2013, he was placed in the Cherokee County Jail.  He was called to the medical department for tuberculosis testing, and when Boothe revealed his medical history, he was taken to the local hospital for a chest X-ray.  A week later, he was told that more X-rays had been requested because the radiologist saw "something funny" in his lungs, but Cherokee County refused the request.

On June 17, 2013, Boothe states that he began coughing up fresh blood . After a week of such coughing, he told the jail staff about his history of tuberculosis, but the medical department decided, without seeing him, that there was no immediate need to take him to the hospital.  Since then,

1

Boothe states that the medical department has avoided seeing him, even though he has begun developing other symptoms as well.

For relief in his habeas petition, Boothe asked that he be placed in federal custody and taken to a medical facility where "competent medical professionals" will be able to diagnose and treat him. He requests that the costs for this be borne by Cherokee County and states that when he is released from this federal medical facility, he should be returned to Cherokee County to continue his defense to the criminal charges against him.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Boothe's application for habeas corpus relief be denied. After noting that requests for injunctive relief seeking a transfer to another facility are not cognizable in habeas corpus, the Magistrate Judge determined that Boothe had failed to exhaust his state remedies. Finally, the Magistrate Judge stated that the federal district courts lack authority to order state prisoners transferred into federal custody in absence of extraordinary circumstances, which Boothe did not show.

Boothe filed objections to the Magistrate Judge's Report on July 29, 2013. In his objections, Boothe says first that he has the right under the Eighth and Fourteenth Amendments to have his serious medical needs attended to. With regard to exhaustion of state remedies, Boothe states that he believes his first responsibility is to contact local health officials, but he is prohibited from doing so by the jail officials, who will not allow him access to a law library, resource materials, or phone books. Thus, he says that the Court should deem his state remedies exhausted; Boothe does not indicate that he has presented his claims to the courts of the State of Texas, as required by 28 U.S.C. §2254(b)(1). Finally, Boothe argues that he has shown "extraordinary circumstances" by the very nature of the disease of tuberculosis.

In his objections, Boothe does not dispute the Magistrate Judge's conclusion that he has not presented his claims to or received a ruling from the Texas Court of Criminal Appeals, as is required to exhaust state remedies in a federal habeas corpus petition. Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (requiring

exhaustion of state remedies for pre-trial habeas petitions).  Although Boothe discusses other civil rights lawsuits he has filed in this Court under 42 U.S.C. §1983, he does not address the Magistrate Judge's conclusion that habeas corpus is not a proper vehicle for the claims raised and the relief sought in this case.  His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as to its refiling in the form of a habeas corpus petition, but without prejudice as to its refiling in proper form and seeking proper relief.  It is further

ORDERED that the Petitioner Charles Boothe is hereby DENIED a certificate of appealability *sua sponte*, with the denial of such certificate pertaining only to an appeal of the present case and having no effect upon the Petitioner's right to refile his claim in proper form and seeking proper relief.  Finally, it is

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

So ORDERED and SIGNED this 7th day of August, 2013.



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE